IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kentwan Laquintta Lake, | ) | C/A No. 0:19-416-DCC-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Mary E. Woods; Ms. Buker; Lt. Hunt; Ofc. Jones; Ofc. Ellis; Lt. Dalton, | ) | |
| Defendants. | ) | |

This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**REQUEST FOR THE APPOINTMENT OF COUNSEL**:

Plaintiff requests the appointment of counsel in this case. (ECF No. 22) There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time. Plaintiff's claims that he cannot afford counsel, that the issues in this case are complex, and that he has limited knowledge of the law, do not present an extraordinary circumstance. Plaintiff has prosecuted this case capably thus far. Plaintiff also claims that he has a mental disability for which he takes medication. However, Plaintiff has not provided any specific explanation as to what mental disability he has or how it affects his ability to prosecute this case. Accordingly, Plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

**MOTION TO AMEND THE COMPLAINT:**

Plaintiff moves to amend his complaint. (ECF Nos. 23, 37, & 43.) Defendants oppose the motions on the ground that Plaintiff has not provided a proposed amended complaint. (ECF No. 27.) Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court finds that justice requires Plaintiff be given leave to amend his complaint. Thus, Plaintiff's motions to amend are granted. **Plaintiff must file an Amended Complaint within fourteen (14) days from the date this order is entered (plus three days for mail time).**[1]

Plaintiff is warned that an amended complaint will replace the original complaint, including any allegations or claims raised in motions to amend or supplements already filed with the court. **Thus, the amended complaint must be complete within itself, and must include all of the facts, claims, and parties Plaintiff intends to pursue in this action in one document.** See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (internal quotation marks omitted); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (3d ed. 2018).[2]

**SERVICE OF PROCESS:**

By order dated March 27, 2019, the court authorized the issuance and service of process of the original complaint in this matter. (ECF No. 12.) However, the summonses for Defendants Officer Ellis and Officer Jones were returned as unexecuted. (ECF No. 33.) The returned Forms USM-285 reflect that SCDC's Office of General Counsel could specifically identify these defendants because there is more than one Officer Jones and Officer Ellis.

---

[1] Plaintiff also asked for documents necessary for the issuance and service of process, which the court has directed the Clerk of Court to send to Plaintiff below. Plaintiff should complete the service documents promptly and return them to the court with any amended complaint. Plaintiff need only provide service documents for defendants who have not yet been served in this case.

However, Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties. Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney. Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing. However, prior to the defendants' attorney making an appearance in this court, Plaintiff must serve the defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

[2] Because Plaintiff seeks to amend his complaint, Plaintiff's motion to amend or correct the construction of the pleading is terminated as moot. (ECF No. 21.)



**Plaintiff is directed to complete and return summonses and Forms USM-285 for Officer Jones and Officer Ellis within fourteen (14) days from the date this order is entered (plus three days for mail time), listing a current address where the defendant may be served.** These documents must be mailed to: Clerk of Court, 901 Richland Street, Columbia, South Carolina 29201.

Plaintiff is reminded that he must provide, and is responsible for, information sufficient to identify the defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant. No process shall issue as to these defendants until the items specified above have been reviewed by the assigned Magistrate Judge. Failure to comply may result in dismissal of these defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve.[3]

**TO THE CLERK OF COURT**:

The Clerk shall mail a copy of this order, a blank summons, and four Forms USM-285 to Plaintiff. If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this order, the Clerk of Court shall forward the file to the assigned United States Magistrate Judge for a recommendation. See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA. If, however, Plaintiff provides this court with the items specified above, the Clerk of Court should forward the file to the assigned magistrate judge for review.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 7, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] The Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a defendant is served within 90 days after the complaint is filed, this court may dismiss an action without prejudice as to that defendant. Case law interpreting Rule 4(m) or its predecessor, Rule 4(j), has held that a complaint must be dismissed, absent a showing of good cause, if the complaint is not served within 90 days after it is filed. See Mendez v. Elliot, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases following the former 120 day time limit).

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).